KEMP, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

(No. 944—Decided August 18, 1953.)

*Messrs. Wetherill & Schwemmer,* for appellant.
*Mr. C. William O'Neill,* attorney general, and *Mr. James F. DeLeone,* for appellee.

GUERNSEY, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Logan County, in an action wherein the appellant, Harley Kemp, was plaintiff, and the appellee, the Industrial Commission of Ohio, was defendant.

The plaintiff, Harley Kemp, filed his claim with the defendant, the Industrial Commission of Ohio, for compensation from the State Insurance Fund, under the provisions of the Workmen's Compensation Law of Ohio.   Upon a rehearing of plaintiff's application for such compensation, on the 10th day of February 1951 the Industrial Commission made the following order:

"That the commission find from proof of record that claimant suffered a period of disability by exposure to fumes sustained January 8, 1948, resulting in congestion of the lungs with simple pneumonia and severe bronchitis from which he is now recovered and that the claim be allowed on rehearing as to such disability and compensation and medical expenses be paid as approved.

"It is further ordered that the claim be disallowed

on rehearing as to the enlarged heart from which claimant suffers for the reason that such disability is not the result of an injury sustained in the course of and arising out of employment.''

This order was a final order denying plaintiff the right to further participate in the State Insurance Fund under the Workmen's Compensation Act of Ohio, on the ground that plaintiff's heart condition was not due to an injury sustained on the date alleged in the application filed by plaintiff with the commission.

The plaintiff duly perfected his appeal from said order to the Court of Common Pleas of Logan County, the county in which plaintiff resides and where the injury is claimed to have occurred.

The cause was thereafter duly tried in said court to a jury upon the issue of plaintiff's right to participate further in the State Insurance Fund under the Workmen's Compensation Law, by reason of the condition of enlargement of plaintiff's heart, and the jury returned a verdict upon such issue in favor of the Industrial Commission of Ohio and against the plaintiff. Thereafter, judgment was duly rendered on the verdict denying plaintiff the right to participate further in said fund.

That is the judgment from which this appeal is taken.

Plaintiff, appellant herein, has assigned error in the following particulars, to wit:

''1. Said court erred in overruling the motion of appellant for a new trial of said cause, to which the appellant at the time duly objected.

''2. Said court erred in the admission of evidence offered by the appellee, to which appellant excepted.

''3. The verdict of the jury is against the manifest weight of the evidence.

''4. Irregularity in the proceedings of the court and

prevailing party by which appellant was prevented from having a fair trial.

"5. There are other errors manifest upon the record prejudicial to the substantial rights of appellant."

Assignments of error Nos. 2, 3, 4 and 5 will be first considered, and then assignment of error No. 1 will be considered.

2. Under his second assignment of error the plaintiff contends that the court erred in permitting Dr. George W. Kress, an expert medical witness called by the Industrial Commission, to answer a hypothetical question submitted to him by the commission, partially predicated on a statement that the physician who had been plaintiff's family doctor and who attended him during the period of the injuries complained of by him (Dr. McCracken of Bellefontaine), had, when called upon to attend plaintiff upon the day following the injury of which plaintiff complained, found, among other things, that plaintiff was suffering from an enlarged heart, the plaintiff contending that there was no evidence in the record tending to prove such assumed fact.

We have carefully read all the testimony of Dr. McCracken, both upon direct examination and upon cross-examination, and find that by reason of the failure to ask more specific questions, the testimony of Dr. McCracken is ambiguous as to the time when he found that plaintiff was suffering from an enlarged heart, in that from the doctor's testimony an inference may be drawn that such finding was made on the doctor's examination on the day following plaintiff's injury, and such testimony is equally susceptible of an inference that the doctor made such finding that plaintiff was suffering from an enlarged heart from an examination at a later date.

In this situation, defendant was warranted in as-

suming in its hypothetical question the inference of fact which it considered most favorable to its contention, and the court did not err in admitting such question over the objection of plaintiff.

To this hypothetical question, Dr. Kress replied, in effect, that plaintiff's enlarged heart was not caused by the injury on the day preceding Dr. McCracken's first examination, and, in answer to a subsequent question, testified in effect that the enlarged condition of plaintiff's heart was of such a character that irrespective of the time subsequent to plaintiff's injury such condition was found to exist, it was not attributable to the injury complained of by plaintiff.

If any error had existed in the admission of the hypothetical question of which complaint is made, such error was cured by the question and answer thereto last above mentioned.

3. There is competent, credible and substantial evidence of record tending to prove all the facts essential to sustain the verdict of the jury and the verdict is not against the manifest weight of the evidence.

4. Under assignment of error No. 4, the plaintiff contends that defendant's attorney was guilty of misconduct in arguing to the jury that Dr. McCracken, on his examination of the plaintiff on the day following the injury complained of, found that plaintiff, among other things, was suffering from an enlarged heart. and that the court was guilty of misconduct in permitting defendant's attorney to proceed with such argument without admonishing the jury that the evidence before them did not tend to prove such fact.

As stated above, the testimony of Dr. McCracken was ambiguous and the defendant was warranted in arguing to the jury the inference deducible therefrom which he considered most favorable to the Industrial Commission, and the court was not guilty of miscon-

396

duct in not ordering defendant's attorney to desist from such argument or in not admonishing the jury that there was no evidence upon which the defendant could base such argument.

This assignment is therefore without merit.

5. The plaintiff does not specify or argue in his brief any claimed error under this assignment and the court, in the exercise of its statutory prerogative, will not consider this assignment.

1. All the errors assigned in the motion for new trial in this cause are comprehended in the assignments of error above discussed and are found to be without merit. From this it follows that the court did not err in overruling the motion for a new trial.

Finding no error in any of the particulars specified and argued in plaintiff's brief, the judgment of the Common Pleas Court is affirmed at costs of plaintiff, and the cause is remanded for execution.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, JJ., concur.